**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ROBERT C. MILLER,
Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner of
Social Security,
Defendant-Appellee.

No. 98-2030

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Alexander Williams, Jr., District Judge.
(CA-97-3185-AW)

Submitted: December 8, 1998

Decided: January 7, 1999

Before WILKINS and HAMILTON, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Stephen F. Shea, WILLONER, CALABRESE & ROSEN, P.A., Col-
lege Park, Maryland, for Appellant. Arthur J. Fried, General Counsel,
Charlotte J. Hardnett, Principal Deputy General Counsel, John M.
Sacchetti, Associate General Counsel, Charlotte M. Connery-Aujla,
Office of the General Counsel, SOCIAL SECURITY ADMINISTRA-
TION, Baltimore, Maryland; Lynne A. Battaglia, United States Attor-

ney, Allen F. Loucks, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Robert C. Miller appeals from the district court's order upholding the determination of the Commissioner of Social Security ("Commissioner") that he was not entitled to social security disability benefits. Because substantial evidence supports the Commissioner's decision, we affirm.

Miller applied for disability benefits in May 1994, contending that he had been unable to work since March 1993 due to a right knee impairment. The application was denied initially and upon reconsideration. Upon Miller's request, a hearing was held before an administrative law judge (ALJ). The ALJ found that Miller: (1) had not engaged in substantial gainful activity since March 1993; (2) had a severe right knee impairment and a small herniated cervical disc that failed to meet or equal any listed impairment; (3) was unable to perform his past work as a carpet layer; (4) retained the residual functional capacity to perform a full range of unskilled medium exertion work activity. Accordingly, the ALJ determined that Miller was not disabled and thus not entitled to benefits.

This decision became the final decision of the Commissioner when the Appeals Council denied Miller's request for review. See 20 C.F.R. § 404.981 (1998). Miller then filed a civil action seeking review of the denial of benefits. The district court accepted the magistrate judge's recommendation to grant the Commissioner's motion for summary judgment, and this appeal followed.

2

We must uphold the finding of the Commissioner that Miller was ineligible for disability benefits if such a finding is supported by substantial evidence. See Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986). Substantial evidence is that evidence which"`a reasonable mind might accept as adequate to support a conclusion.'" See Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). As the presiding officer at the administrative hearing, the ALJ makes factual determinations and resolves evidentiary conflicts, including inconsistencies in the medical evidence. See Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Miller attributes the following errors to the ALJ's decision: (1) the ALJ's finding that Miller is capable of performing the full range of medium work is not supported by substantial evidence; (2) the ALJ failed to accord proper weight to the opinions of Miller's treating physicians; (3) the ALJ erred by using the medical-vocational guidelines appearing at 20 C.F.R., Part 404, Subpart P, Appendix 2, in determining whether there were jobs in the economy that Miller could perform; and (4) that the ALJ improperly evaluated Miller's complaints of pain and improperly found Miller not fully credible. Based on these alleged errors, Miller contends that the ALJ's decision was not supported by substantial evidence.

We have reviewed the record, briefs, and pertinent case law in this matter. We conclude that the district court correctly adopted the recommendation of the magistrate judge to grant the Commissioner's motion for summary judgment and uphold the decision of the ALJ as supported by substantial evidence. Accordingly, we affirm on the reasoning of the district court. Miller v. Apfel , No. CA-97-3185-AW (D. Md. June 11, 1998). We dispense with oral argument because the facts and legal contentions are adequately set forth in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3